**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 07-CV-13371-DT

ONE HUNDRED FORTY-NINE
THOUSAND EIGHT HUNDRED
DOLLARS IN U.S. CURRENCY
(149, 800.00),

    Defendant.
_____/

**OPINION AND ORDER DENYING CLAIMANT'S "MOTION FOR RECONSIDERATION"**

Pending before the court is Claimant Paris Webb McCurdy's "Motion for Reconsideration," filed on August 8, 2008. Claimant requests reconsideration of the court's July 31, 2008 "Order Striking Claim Filed By Paris Webb McCurdy." For the reasons set forth below, Claimant's motion will be denied.

**I. BACKGROUND**

Pursuant to Rule G(4) of the Supplemental Rules of Certain Admiralty of Maritime and Asset Forfeiture Claims, Plaintiff placed a notice in The Detroit Legal News on August 21, 2007 through August 24, 2007 and August 27, 2007, directing any person claiming an interest in the subject property to file a verified claim within thirty-five (35) days of the notice, and an answer to the Complaint within twenty (20) days thereafter. An Affidavit of Publication was filed with the court on August 29, 2007.

Subsequently, Claimant filed a verified claim and answer through counsel on October 19, 2007. On May 8, 2008, Plaintiff served Claimant with a copy of Plaintiff's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure. No response was submitted on or before the due date, June 9, 2008.

On or about June 27, 2008, Plaintiff moved for an order compelling production and warning Claimant that his claims could be jeopardized in the event of continued non-compliance. Claimant did not file a response to Plaintiff's June 27 motion to compel. The court entered an "Order Granting Plaintiff's Motion to Compel" on July 23, 2008, directing Claimant to "respond completely and fully and without objection to Plaintiff's interrogatories, requests for admissions and document requests by delivery of written responses, admissions and responsive documents to the Office of the United States Attorney . . ., on or before noon, July 29, 2008." Further, the court cautioned Claimant that his claim would be stricken with prejudice in the event that full compliance was not achieved by July 29, 2008.

Claimant did deliver partial discovery responses to Plaintiff on July 11, 2008, before the court's order. Those responses, however, did not comply with the court's "Order Granting Plaintiff's Motion to Compel," because they included objections that had already been waived due to their untimeliness.[1] Because Claimant did not submit any

---

[1] The response to Plaintiff's discovery request was due on or about June 9, 2008. Claimant responded, with objections, over one month late on or about July 11, 2008. Federal Rule of Civil Procedure 33(b)(4) requires all untimely objections be waived unless the party's failure to object is excused by the court for good cause shown. Claimant's objections were untimely without good cause shown, and thus are considered waived by the court.

further responses to supplement his non-compliant responses of July 11, 2008, the court ordered Claimant's October 19, 2007 claim be stricken with prejudice.

## II.  STANDARD

Claimant brings this motion under Federal Rule of Civil Procedure 59(e).  A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e).  *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003).  "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court only grants motions for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III.  DISCUSSION

In his motion for reconsideration, Claimant primarily argues he complied with Plaintiff's motion to compel.  (Cl.'s Mot. at 2, ¶¶ 4, 6, 12, 15.)  As stated above, Claimant's only response to Plaintiff's discovery included untimely objections.  The court's order expressly required discovery responses in compliance with the Federal Rules of Civil Procedure.  Claimant does not now assert he responded completely, fully and without untimely objection to Plaintiff's discovery requests when he delivered discovery responses to Plaintiff on or about July 11, 2008.  Instead, he seems to rely on his previously filed, non-compliant responses.  (*Id.*)  The court's order cautioned Claimant "that in absence of compliance, the claim will be disposed of finally and with prejudice" (7/23/08 Order at 2.)  Reconsideration will not be granted when Claimant "presents the same issues already ruled upon by the court." *Lockett*, 328 F. Supp. 2d at 684.

Claimant next asks the court to excuse any deficiency in his response to Plaintiff's motion to compel because he is acting *pro se.*  (Cl.'s Mot. at 3, ¶ 14.)  Claimant asserts he acted in good faith and "should not be penalized or treated improperly by the court for proceeding on his own behalf." (*Id.*)  *Pro se* litigants are not relieved of the responsibility to comply with the basic procedural rules of the court. *In re G.A.D.,* Inc., 340 F.3d 331, 335 (6th Cir. 2003) (holding, in a bankruptcy proceeding, that while less stringent pleading requirements are afforded *pro se* litigants, that flexibility does not extend to procedural rules.); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil

litigation be interpreted so as to excuse mistakes by those who proceed without counsel."). Further, Claimant's good faith, or lack thereof, is not in issue. Claimant was informed of his procedural duties and by his own action he did not comply. Therefore, Claimant fails to "demonstrate a palpable defect by which the court and the parties have been misled." *Lockett*, 328 F. Supp. 2d at 684. Claimant further argues he is "entitled to an opportunity to be heard." (Cl.'s Mot. at 2, ¶ 11.) Under Rule 7.1(g), no hearing is permitted "unless the court orders otherwise". Claimant offers no evidence of "a clear error of law, newly discovered evidence, an intervening change of controlling law, or . . . manifest injustice" for his request to be heard. *GenCorp.*, 178 F.3d at 834.

In the end, Claimant offers the court no viable reason to reconsider his lack of compliance with the court's order, much less "a palpable defect by which the court and the parties have been misled." E.D. Mich. LR 7.1(g)(3). As such, the court is not convinced that its July 31, 2008 order should be reconsidered.

## IV. CONCLUSION

IT IS ORDERED that Claimant's "Motion for Reconsideration" [Dkt. # 40] is DENIED.

                               s/Robert H. Cleland
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: September 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\07-13371.MCCURDY.DenyReconsideration.wpd

6